---

(78 Misc. Rep. 84.)

In re OBJECTIONS TO NOMINATION CERTIFICATE OF BAILLEE FOR MAYOR OF CITY OF COHOES.

(Supreme Court, Albany County, at Chambers.   October 25, 1912.)

1. ELECTIONS (§ 143*)—INDEPENDENT NOMINATION—SIGNERS.

   Under Election Law (Consol. Laws 1909, c. 17) § 123, providing that no separate sheet comprising an independent certificate of nomination shall be received and filed if 5 per cent. of the names appearing thereon are fraudulent or forged, signers of an independent certificate of nomination who have failed to register will not be deemed fraudulent, in view of the further provision of the statute that a failure to register shall merely result in the name of the signer not being counted.

   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 121; Dec. Dig. § 143.*]

2. ELECTIONS (§ 143*)—INDEPENDENT CERTIFICATE OF NOMINATION—"FRAUDULENT."

   The duplication of names, whether intentional or not, upon the sheets filed for an independent certificate of nomination, is fraudulent within Election Law (Consol. Laws 1909, c. 17) § 123, providing that no separate sheet comprising an independent certificate of nomination shall be re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceived and filed if 5 per cent. of the names thereon are fraudulent, and such names cannot be counted in either place in which they appear.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 121; Dec. Dig. § 143.*

For other definitions, see Words and Phrases, vol. 3, pp. 2957–2959.]

In re objections to a nomination certificate for mayor of the city of Cohoes.  Certificate declared void.

Charles Templeton, of Albany, for objectors.
Walter H. Wertime, of Cohoes, for respondents.

CHESTER, J.  Although the objector insists that the statute requires 800 electors to make a valid certificate for the independent nomination for mayor, it may be assumed for the purposes of this case that 500 only are requisite as claimed by the counsel for the respondent.  The certificate in question bears 548 names of persons on 63 separate sheets who appear to have taken the oath prescribed by law.  Of these 23 are names of persons who are not registered so as to entitle them to vote at the ensuing election, and 7 are duplications or names of persons who have signed twice.

It is urged by the objector that all these names are subject to the provision of the Election Law (Consol. Laws 1909, c. 17) § 123, that:

"No separate sheet comprising an independent certificate of nomination, where such certificate consists of more than one sheet, shall be received and filed with the custodian of primary records if five per centum of the names appearing on such sheet are fraudulent or forged."

This is a drastic provision, and is aimed at procuring honesty in the preparation and filing of these certificates.  Its validity has been upheld by the courts.  Matter of Terry, 146 App. Div. 520, 131 N. Y. Supp. 841, affirmed 203 N. Y. 293, 96 N. E. 931.

[1] I cannot agree, however, with the contention of the objectors that this 5 per centum rule can properly be made to apply to the signers who have failed to register, primarily for the reason that the statute itself provides what the effect of such failure shall be, and that is that his name shall not be counted.  Election Law, § 123.  The failure to register might arise from causes entirely beyond the control of the person signing, and for which the persons instrumental in procuring signatures to the certificate were in no wise responsible.  I conclude, therefore, that I would not be warranted in holding such failure to be a legal fraud within the meaning of the clause quoted.  Twenty-three names only should be deducted from the certificate on this account.

[2] I think that the duplications of names must be regarded as fraudulent under the statute, and that the 5 per centum rule applies.  It may be conceded that most of these electors did not intend, as most of them have testified, to sign twice, and that they did not intend to commit any wrong by so doing, yet that should not change the rule.  It is the act, and not the intent, sworn to after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the discovery of the act, that should govern. The law will not sanction repeating upon a certificate for independent nominations any more than it will at a primary or at an election. An inspection of the certificate would at once reveal to a careful observer the duplication of the names, and yet no adequate precautionary measures were taken to prevent a duplication of names on the certificate, nor to erase any of them therefrom before it was filed. The burden is on those instrumental in procuring the execution of certificates like this to keep them free from dishonesty and fraud if they are to save them from the effect of the drastic provisions of the statute which have been made to safeguard the public interests.

The duplication of the names being fraudulent within the meaning of the statute, they cannot be counted in either place where they appear, and all the names on every separate sheet upon which 5 per centum of such names appear must be eliminated in the count. These 7 duplicated names appear on 11 separate sheets containing 110 other names, on each of which sheets except two 5 per centum of the names are fraudulent. The two excepted sheets contain 42 names, leaving 68 to be deducted besides 14 for the 7 duplicates or 82 on this account. To these must be added the 23 who failed to register, making 105 all told to be deducted from the 548 contained on the certificate leaving it short of the requisite number, even if 500 only are necessary.

The certificate must therefore be declared void.